UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AUPUNI O HAWAI`I, PRESIDENT SAMSON LEHUALANI BROWN SR., <br><br> Plaintiff, <br><br> vs. <br><br> DONALD J. TRUMP, in his official capacity as the President of the United States of America, et al.; <br><br> Defendants. | CIV. NO. 19-00597 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN
PART THE FEDERAL DEFENDANTS' MOTION TO DISMISS**

On December 11, 2019, Defendants Donald J. Trump, in his official capacity as the President of the United States of America, the Department of Justice for the United States of America, and the Department of the Interior for the United States of America ("Federal Defendants") filed their Motion to Dismiss ("Motion"). [Dkt. no. 13.] Pro se Plaintiffs Aupuni O Hawaii ("Aupuni") and Samson Lehualani Brown Sr. ("Brown" and collectively "Plaintiffs") did not file a response to the Motion. On February 19, 2020, the Court issued an order deeming the Motion unopposed. [Dkt. no. 18.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United

States District Court for the District of Hawaii ("Local Rules").   The Federal Defendants' Motion is hereby granted in part and denied in part for the reasons set forth below.

**BACKGROUND**

Plaintiffs initiated this action on September 30, 2019 in state court.  [Amended Notice of Removal of Civil Action ("Amended Notice of Removal"), filed 11/1/19 (dkt. no. 4), Exh. A (Complaint for Declaratory Judgment and Injunction Relief ("Complaint").[1]]  The Federal Defendants removed the action pursuant to 28 U.S.C. § 1442(a)(1).  [Amended Notice of Removal at ¶ 4.]

The Complaint makes a series of allegations regarding the history of the relationship between the United States, the State of Hawai`i, and Brown including: "1849, The treaty of Friendship, Commerce and Navigation between the Kingdom of Hawaii and the United States of America, Article 1, Successor, Samson L. Brown. Article 14, Treason, Criminal"; [Complaint at ¶ 12 (citing Complaint, Exh. A ("Treaty of 1849");] and "2005, September 28, Aupuni O Hawaii, President Samson L. Brown gives 'Notice' The overthrow of a statute at Large, The Hawaiian Homes Commission Act," [id. at ¶ 24 (citing Complaint, Exh. F (document titled "Subject-Matter" and beginning with "This

---

[1] The original Notice of Removal was filed on November 1, 2019.  [Dkt. no. 1.]

Notice is about a second overthrow in the Hawaiian islands."
("Overthrow Notice")))].

In the Complaint, Plaintiffs do not expressly identify the claims, laws, or theories of liability under which they are seeking relief.  However, Plaintiffs are proceeding pro se, and therefore their pleadings are liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).  Plaintiffs argue that, in 1900, Congress "enacted a temporary government, the 'Hawaii Organic Act' government and inserted the Republic of Hawaii with the Kingdom legislature to only administer the lands."  See Complaint at ¶ 17 (some citations omitted) (citing Exh. B (annotated versions of sections 102 to 107 of the Organic Act)).  The Complaint alleges that, twenty years later, the Hawaiian Homes Commission Act ("HHCA "), 42 Stat. 108 (1921), created the Hawaiian Homes Commission ("HHC").  [Complaint at ¶¶ 18-19 (citing Exh. C (HHCA).]  The Commission was to be composed of five members: the governor of the Territory of Hawaii and four citizens, three of whom were to be native Hawaiians.  HHCA, 42 Stat. 108 at § 202(a).  The HHC was authorized to lease certain real property to native Hawaiians, but the title to said lands remained the property of the United States.  See HHCA, 42 Stat. 108 at § 207(a)-(b).  Next, as the Ninth Circuit noted:

> In 1959, Hawaii became the 50th State in the union.  Under the Hawaii Statehood Admission Act, Congress required Hawaii to incorporate the HHCA into its state Constitution, with the United States retaining authority to approve any changes to the eligibility requirements for the HHCA leases.  Act of March 18, 1959, Pub. L. No. 86-3, § 4, 73 Stat. 5 ("Admission Act").  See HAW. CONST. art. XII, §§ 1-3.  In return, the United States granted Hawaii title to all public lands within the state, save a small portion reserved for use of the Federal Government.  Id. § 5(b)-(d), 73 Stat. 5.  The Admission Act further declared that the lands, "together with the proceeds from the sale or other disposition of any such lands and the income therefrom, shall be held by [the State] as a public trust for the support of the public schools, . . . the conditions of native Hawaiians" and other purposes.  Id. § 5(f), 73 Stat. 6.  The land granted to Hawaii included the 200,000 acres previously set aside under the HHCA and an additional 1.2 million acres.

Arakaki v. Lingle, 477 F.3d 1048, 1054 (9th Cir. 2007) (alterations in Arakaki).  Liberally construed, the Complaint alleges a 1963 amendment to the HHCA unlawfully gave control of the lands to the State of Hawai`i.  See Complaint at ¶ 21 (citing Exh. E (Act 207, titled "A Bill for an Act relating to the Department of Hawaiian Home Lands." ("Act 207"))).  Specifically, Brown alleges:

> 1963 The State (territory) of Hawaii (Kingdom) legislature amends (OVERTHROWS BY DELETING) title 2 Section 202 that contains the commissioners of the HHCA, 1920 and inserting the Department of Hawaiian home lands (DHHL), in violation of the HHCA 1920, Title 4 section 401, INCONSISTENT LEGISLATION, law of the land in the State of Hawaii.  The State of Hawaii is now in

4

> unauthorized control of the lands (SEE EXHIBIT "E")[.]

Id. (emphases in original).  The crux of Plaintiffs' claim is the allegation that the Act 207 amendment to the HHCA was unlawful because it was inconsistent with the original text of the HHCA, in the sense that the amendment took control of the lands from the HHC and gave it to the DHHL.  Hence, the relief sought by Plaintiffs is further amendment of the HHCA, specifically an amendment giving control of the lands to Aupuni.[2] See id. at ¶ 31.  The remainder of Plaintiffs' allegations appear to relate to Plaintiffs' other attempts to repeal or "overthrow" the amendment to the HHCA, see id. at ¶ 24, culminating in Brown making an oral proclamation "on the steps of ʻIolani Palace, in the present [sic] of an acting Queen Liliʻuokalani and her Royal Court," announcing the "enactment of the reinstatement of the 'Nation of Hawaii,'" see id. at ¶ 29.

Plaintiffs seek the following relief: amendment of the HHCA by deleting "the 'Organic Act' in title 3 and insert[ing] 'Aupuni O Hawaii' to control the Crown Lands Lands [sic].  And pursuant to U.S. Constitution, Article XIV Section 4.  For relief."  [Id. at ¶ 31.]

---

[2] Brown identifies himself as the President of Aupuni. [Complaint at ¶ 26.]

The Federal Defendants now seek dismissal of the Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative Fed. R. Civ. P. 8.[3]

## STANDARDS

Rule 12(b)(1) authorizes a district court to dismiss an action for "lack of subject-matter jurisdiction[.]"  "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence."  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009) (citation and quotation marks omitted).  This district court has stated:

> A Rule 12(b)(1) motion may be either facial (attacking the sufficiency of the complaint's allegations to invoke federal jurisdiction) or factual (disputing the truth of the allegations of the complaint).  Safe Air for Everyone [v. Meyer], 373 F.3d [1035,] 1039 [(9th Cir. 2004)].

---

[3] In addition to the Federal Defendants, Plaintiffs also name the following Defendants, none of whom have appeared in this case: 1) "Republic of Hawaii, David Y. Ige in his official capacity as Governor for the Territory of Hawaii, is unlawfully acting as the governor for the State of Hawaii of the Union of the United States of America"; [Complaint at ¶ 7 (emphasis omitted);] 2) "Republic of Hawaii, Clare E. Conners in her official capacity as Attorney General for theTerritory of Hawaii, is unlawfully acting as an Attorney general for the State of Hawaii of the union of the United States of the America"; [id. at ¶ 8 (emphases omitted);] 3) "Republic of Hawaii, Legislature in their official capacity as the Legislature for the Territory of Hawaii, Legislature unlawfully acting as the Legislature for the State of Hawaii of the Union of the United States of America"; [id. at ¶ 9 (emphasis omitted);] and 4) "Republic of Hawaii, Harry Kim, in his official capacity as Mayor for the County of the Territory of Hawaii," [id. at ¶ 10].

In a facial attack, the court may dismiss a complaint when its allegations are insufficient to confer subject matter jurisdiction, and a complaint's factual allegations are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). But in a factual attack "[w]here the jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979). In such case, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself" the existence of subject matter jurisdiction. Id.

Further, where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). That is, if "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment." Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005) (quoting Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987)). "The Court 'must therefore determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact.'" Id. (quoting Suzuki Motor Corp. v. Consumers Union of U.S., Inc., 330 F.3d 1110, 1131 (9th Cir. 2003) (en banc); see also Roberts v. Corrothers, 812 F.2d 1173, 1777 (9th Cir. 1987) ("In such a case, the district court

> assumes the truth of allegations in a complaint
> . . . unless controverted by undisputed facts in
> the record.").

Bishop v. United States, Civ. No. 16-00248 JMS-KSC, 2017 WL
1381653, at *7 (D. Hawai`i Apr. 13, 2017) (some alterations in
Bishop). In addition, in a factual attack,

> once the party bringing the Rule 12(b)(1) motion
> presents evidence or other affidavits before the
> court challenging jurisdiction, the party
> opposing the motion must present affidavits or
> other evidence necessary to satisfy its burden of
> establishing subject matter jurisdiction. Safe
> Air for Everyone v. Meyer, 373 F.3d 1035, 1039
> (9th Cir. 2004). Furthermore, when considering a
> Rule 12(b)(1) motion to dismiss, the district
> court may "hear evidence regarding jurisdiction"
> and "resolve factual disputes where necessary."
> Robinson v. U.S., 586 F.3d 683, 685 (9th Cir.
> 2009).

Jason E. ex rel. Linda E. v. Dep't of Educ., Civ. No. 12-00354
ACK-BMK, 2014 WL 6609213, at *5 (D. Hawai`i Nov. 20, 2014).

> "[I]f a plaintiff's proof (of jurisdictional
> facts) is limited to written materials, it is
> necessary only for these materials to demonstrate
> facts which support a finding of jurisdiction in
> order to avoid a motion to dismiss.'" Societe de
> Conditionnement en Aluminium v. Hunter Eng'g Co.,
> Inc., 655 F.2d 938, 942 (9th Cir. 1981) (quoting
> Data Disc, Inc. v. Systems Tech. Assocs., Inc.,
> 557 F.[2]d 1280, 1285 (9th Cir. 1977)). The
> Ninth Circuit has described this standard as
> equivalent to the summary judgment standard. See
> Trentacosta v. Frontier Pac. Aircraft Indus.,
> Inc., 813 F.2d 1553, 1559 (9th Cir. 1987) ("The
> requirement that the nonmoving party present
> evidence outside his pleadings in opposition to a
> motion to dismiss for lack of subject matter
> jurisdiction is the same as that required under
> [Fed. R. Civ. P.] 56(e) that the nonmoving party
> to a motion for summary judgment must set forth

8

> specific facts, beyond his pleadings, to show
> that a genuine issue of material fact exists.")
> (citations omitted).  Generally, a court has
> discretion to resolve factual disputes on a
> factual motion to dismiss for lack of subject
> matter jurisdiction.  See St. Clair v. City of
> Chico, 880 F.2d 199, 201 (9th Cir. 1989) ("The
> district court obviously does not abuse its
> discretion by looking to this extra-pleading
> material in deciding the issue, even if it
> becomes necessary to resolve factual disputes.").

Nino v. United States, No. 13cv0469 WQH(BGS), 2015 WL 5032644,

at *4 (S.D. Cal. Aug. 25, 2015) (some alterations in Nino)

(footnote omitted).

## DISCUSSION

I.  **Pro Se Status**

Brown filed the Complaint on behalf of himself and

Aupuni.  Local Rule 81.1(b) states: "Entities other than

individuals, including but not limited to corporations,

partnerships, limited liability partnerships or corporations,

trusts, community associations, and unions, must be represented

by an attorney."  This district court has noted that "[t]his

Rule implements established law."  Quality Prof'l Indus. v. Sun

Power, CIV. NO. 15-00080 JMS-BMK, 2015 WL 12838142, at *1 (D.

Hawai`i Mar. 19, 2015) (citing Rowland v. Cal. Men's Colony, 506

U.S. 194, 201-02 (1993) ("It has been the law for the better

part of two centuries . . . that a corporation may appear in the

federal courts only through licensed counsel."); Taylor v.

Knapp, 871 F.2d 803, 806 (9th Cir. 1989) ("The general rule,

9

widely recognized in federal and state courts, is that a

corporation can appear only through an attorney.")).  The Ninth

Circuit has held that the prohibition on businesses being

represented by non-attorneys applies to non-profit organizations

and many other types of entities:

> Unincorporated associations, like corporations,
> must appear through an attorney; except in
> extraordinary circumstances, they cannot be
> represented by laypersons.  In re Highley, 459
> F.2d 554, 555 (9th Cir. 1972) (corporations);
> Strong Delivery Ministry Association v. Board of
> Appeals of Cook County, 543 F.2d 32, 33–34 (7th
> Cir. 1976) (per curiam) (not-for-profit
> corporation); Move Organization v. United States
> Department of Justice, 555 F. Supp. 684, 693
> (E.D. Pa. 1983) (unincorporated association), and
> cases cited therein; The First Amended Foundation
> v. Village of Brookfield, 575 F. Supp. 1207,
> 1207–08 (N.D. Ill. 1983) (unincorporated
> association).  Furthermore, non-attorney
> litigants may not represent other litigants.
> McShane v. United States, 366 F.2d 286, 288 (9th
> Cir. 1966); Russell v. United States, 308 F.2d
> 78, 79 (9th Cir. 1962) (per curiam).

Church of the New Testament v. United States, 783 F.2d 771, 773–

74 (9th Cir. 1986).

There is no evidence Brown is a licensed attorney who

is authorized to practice in this district court. As a pro se

party, Brown therefore has no authority to appear on behalf of

Aupuni.  See Hou 1778 Hawaiians v. United States Dep't of

Justice, CIVIL NO. 15-00320 SOM/BMK, 2016 WL 335851, at *3 (D.

Hawai`i Jan. 27, 2016) (concluding that a pro se plaintiff was

prohibited from representing others (citing Simon v. Hartford

10

Life, Inc., 546 F.3d 661, 664–64 (9th Cir. 2008))).  To be

clear, Brown cannot represent Aupuni in this civil action.

Aupuni's claims are therefore dismissed without prejudice to

reasserting them if it is represented by counsel.

## II.  Subject Matter Jurisdiction

### A.  Standing

The Federal Defendants urge this Court to dismiss the

Complaint with prejudice for lack of standing because

Plaintiffs' allegations are facially and substantively

deficient.

The Ninth Circuit has stated that:

> The requirements for Article III standing
> are familiar.  First, the petitioner must show
> that it has suffered "an injury in fact," i.e.,
> "an invasion of a legally protected interest
> which is (a) concrete and particularized, and
> (b) actual or imminent, not conjectural or
> hypothetical."  Lujan v. Defenders of Wildlife,
> 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d
> 351 (1992) (quotation marks and citations
> omitted).  Second, it must show that the injury
> is "fairly traceable to the challenged action of
> the defendant," and is not "the result of the
> independent action of some third party not before
> the court."  Id. (quotation marks and
> alternations omitted).  Finally, "it must be
> likely, as opposed to merely speculative, that
> the injury will be redressed by a favorable
> decision."  Id. at 561, 112 S. Ct. 2130
> (quotation marks omitted). . . .

Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733

F.3d 939, 950 (9th Cir. 2013).  "When evaluating whether these

three elements are present, [a court] must look at the facts '**as**

**they exist[ed] at the time the complaint was filed.**'"   ACLU of

Nev. v. Lomax, 471 F.3d 1010, 1015 (9th Cir. 2006) (emphasis in

Lomax) (some citations omitted) (quoting Lujan, 504 U.S. at 569

n.4, 112 S. Ct. 2130).

       **1.**   **Injury in Fact**

      The Complaint does not allege a concrete,

particularized, actual or imminent invasion of a legally

protected interest.  To the extent that Brown alleges an injury

in the sense that he disputes the legality or propriety of the

State of Hawai`i Legislature ("Legislature") amending HHCA § 202

with regard to the HHC and DHHL, the allegation does not

constitute an injury sufficient to confer standing.  Although

the remedy sought by Brown would benefit him with respect to his

request that his organization be transferred control of the

property to administer, the injury, to the extent one has been

alleged, is not particularized.  Instead, the allegation that

the Legislature unlawfully amended the HHCA in 1963 is a

generalized grievance because it is, as alleged, a violation of

the public's right to have their government act in accordance

with the law.  See Lujan, 504 U.S. at 576 ("Vindicating the

**public** interest (including the public interest in Government

observance of the Constitution and laws) is the function of

Congress and the Chief Executive." (emphasis in Lujan)).

Therefore, it is not the type of injury that gives rise to

standing.  See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 475 (1982) ("the Court has refrained from adjudicating abstract questions of wide public significance which amount to generalized grievances, pervasively shared and most appropriately addressed in the representative branches" (citation and internal quotation marks omitted)).  For these reasons, Brown's liberally construed allegation that Act 207 constitutes an injury is rejected.

To the extent that Brown has alleged an injury in the sense that he alleges some members of Aupuni were evicted from a house or houses located on Hawaiian Home Lands property, Brown was not one of the evicted members, and therefore lacks standing.  See Complaint, Exh. F (Overthrow Notice) at 58 of 76; see also id. at 65 of 76 to 66 of 76.[4]  "To demonstrate third party standing, a plaintiff must show his own injury, a close relationship between himself and the parties whose rights he asserts, and the inability of the parties to assert their own rights."  McCollum v. Cal. Dep't of Corr. & Rehab., 647 F.3d 870, 879 (9th Cir. 2011) (citing Powers v. Ohio, 499 U.S. 400, 409–10, 111 S. Ct. 1364 (1991)).  Brown has not shown his own

_____

[4] Because Exhibit F to the Complaint does not have page numbers, all citations to Exhibit F refer to the page numbers assigned to docket number 4-1 - which includes the Complaint and all of its exhibits - in the district court's electronic case filing system.

injury, nor the inability of the parties to assert their own rights.   Therefore, Brown lacks third-party standing with respect to the eviction alleged in the Overthrow Notice.   In sum, because Brown has not shown that he was harmed by the transfer of the property from the federal government to the state government, he "lack[s] standing to challenge the Hawai`i Statehood Admissions Act of March 18, 1959, Pub. L. No. 86-3, § 5(b), 73 Stat. 4 (1959) (codified at 48 U.S.C. § 491), and 'Act 207,' *codified at* Haw. Rev. Stat., HHCA, Tit. 2, § 202." See <u>Kahawaiola`a v. Bush</u>, 192 F. App'x 592, 594 (9th Cir. 2006) (citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

### 2.   **Causal Connection and Redressability**

Brown cannot satisfy either the second or third elements of standing because Brown has not alleged an injury, and both remaining elements are contingent on the existence of an alleged injury.   The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." <u>Lujan</u>, 504 U.S. at 561 (citations omitted).   Here, without a sufficiently alleged

14

injury, Brown has not met his burden, and therefore has not adequately pled standing.

Because Brown has not adequately pled standing to bring this case, the Federal Defendants' Motion is hereby granted to the extent that the Complaint is dismissed for lack of standing.

**B.**     **Sovereign Immunity**

The Federal Defendants also argue that this Court lacks subject matter jurisdiction because the United States did not waive its sovereign immunity.

> Federal courts have no subject matter jurisdiction to hear a claim against the United States, absent a clear waiver of sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed" in the text of a statute. United States v. Mitchell, 455 U.S. 535, 538 (1980) (citation omitted).

Zeeman v. U.S. Dist. Court Dist. of Haw. Prob. Office, CV 14-00328 RSWL, 2016 WL 1559565, at *3 (D. Hawai`i Apr. 18, 2016). Further, "[a]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Vicente v. Takayama, CV 16-00497 DKW-RLP, 2016 WL 5853724, at *4 (D. Hawai`i Oct. 4, 2016) (citing Sierra Club v. Whitman, 268 F.3d 898, 901 (9th Cir. 2001)). Therefore, "[t]he

doctrine of sovereign immunity extends to agencies of the federal government and federal employees acting within their official capacities." Hou 1778 Hawaiians, 2016 WL 335851, at *3 (citing Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997)). Thus, the doctrine of sovereign immunity extends to the Federal Defendants. See, e.g., Balser v. Dep't of Justice, Office of U.S. Tr., 327 F.3d 903, 907 (9th Cir. 2003) (holding that, unless there was a waiver, the doctrine of sovereign immunity applied to an office within the Department of Justice).

In a conclusory fashion, Brown alleges this Court has jurisdiction over this action pursuant to: 1) the "Treaty of 1849 between the United States of America and the Kingdom of Hawaii"; 2) the Hawaii Organic Act; 3) the HHCA, Title 2, Section 217; and 4) Public Law 86-3. See Complaint at ¶¶ 11(a)-(d). Brown's Complaint is liberally construed as arguing that the statutes above waive the federal government's sovereign immunity. However, none of the items listed by Brown contain an express waiver of sovereign immunity. See e.g., HHCA, 42 Stat. 108, § 217 (identifying the circumstances under and procedures by which the HHC may bring an ejectment proceeding against a lessee or borrower). Furthermore, he does not clearly articulate the grounds upon which he claims the above documents present a waiver of sovereign immunity; his representation is limited to listing each document without further explanation.

16

It is well established that, with regard to claims relating to the amendment and enforcement of the HHCA, the United States has not waived its sovereign immunity.  See Loa v. Lynch, Civ. No. 16-00446 JMS-KSC, 2016 WL 7155733, at *5 (D. Hawai`i Dec. 7, 2016) (stating that, with regard to claims relating to the HHCA, the Hawaii Admission Act did not expressly waive sovereign immunity (quoting Hou Hawaiians v. Cayetano, 183 F.3d 945, 947 (9th Cir. 1999))).  Similarly, Brown has not identified any clear waiver of sovereign immunity in the other two documents cited, the Treaty of 1849 or the Hawaii Organic Act.  See Hughes v. United States, 953 F.2d 531, 539 n.5 (9th Cir. 1992) ("A mere assertion that general jurisdictional statutes apply does not suffice to confer jurisdiction when, as in this case, the government did not waive its immunity.").  Therefore, the Motion is granted to the extent the Complaint is dismissed because Brown has failed to show that the United States has waived its sovereign immunity.

### C.   Presidential Immunity

The Federal Defendants argue presidential immunity bars Brown's claim against President Trump.  To the extent that Brown's Complaint seeking injunctive relief from President Trump, in the form of an amendment to the HHCA- a state law, is predicated on an official act, the claim is barred under the doctrine of presidential immunity.  See Newdow v. Bush, 355 F.

17

Supp. 2d 265, 281-82 (D.D.C. 2005) (finding that, with limited exception, presidential immunity bars entry of injunctive relief sought against the President in his official capacity); see also Loa, 2016 WL 7155733 at *4 ("Although the HHCA began as federal law, it became state law when the Hawaii Admission Act ('Admission Act'), Pub. L. No. 86-3, 73 Stat. 5 (1959), adopted it into the Hawaii state constitution and Congress subsequently deleted it from the United States Code." (some citations omitted) (citing Pub. L. No. 86-3, § 4)).  Therefore, the Motion is granted to the extent it seeks dismissal of the claims in the Complaint against President Trump on the basis of presidential immunity.

## II.  **Short, Plain Statement of the Claim**

The Federal Defendants also argue the Complaint should be dismissed for failure to comply with Fed. R. Civ. P. 8(a)(2) in that the Complaint does not contain a "short, plain statement of the claims showing that the pleader is entitled to relief." With regard to Rule 8(a), "[t]he [United States Supreme] Court required more than just notice of the claim.  It required that the claim be plausible.  '[W]e hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.'" Starr v. Baca, 652 F.3d 1202, 1213 (9th Cir. 2011) (some alterations in Starr) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556

18

(2007)).  Furthermore, the Ninth Circuit held that, with respect to a motion to dismiss pursuant to Rule 8(a):

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Id. at 1216.

The factual allegations presented in the Complaint relate to the legislative history of  the HHCA, including its amendment in Act 207.  Brown has not included any factual allegations of underlying conduct that could connect the Federal Defendants to the allegations in the Complaint in a way that would provide fair notice to the Federal Defendants to enable them to mount an effective defense.  The Complaint does not contain a "short, plain statement" of Brown's claims showing his entitlement to relief from any defendant.  In other words, because Brown has not alleged how the Federal Defendants were involved in amending the HHCA in Act 207, the Federal Defendants have not had fair notice of Brown's claim against them.  Similarly, the Complaint does not contain factual allegations

suggesting an entitlement to relief.   Therefore, Brown has not satisfied the Rule 8(a) pleading requirements.

        For these reasons, the Federal Defendants' Motion is granted to the extent it seeks dismissal of the Complaint with respect to all defendants for failure to comply with Rule 8(a).

## III. Summary and Leave to Amend

        The Motion is granted to the extent that it seeks dismissal of the Complaint for the reasons stated above. Because the Motion is granted on the grounds of Rule 8(a), as well as standing, sovereign immunity, and presidential immunity, the Complaint is dismissed as against all defendants.

        The Ninth Circuit has "previously held that leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect and that opportunities to amend are particularly important for the pro se litigant." Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (brackets, emphasis, citation, and internal quotation marks omitted).  Because it is arguably possible for Brown to amend his Complaint to cure the identified defects, the dismissal must be without prejudice. See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty., 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (brackets, citation, and internal quotation marks

20

omitted)).   Therefore, the Motion is granted to the extent that
it seeks dismissal of the claims in the Complaint, and denied to
the extent that it seeks dismissal with prejudice.

Brown is granted leave to file an amended complaint.
The amended complaint must be filed by **June 30, 2020**.  In his
amended complaint, Brown is ORDERED to respond to all of the
issues addressed above, including standing, sovereign immunity,
presidential immunity, and Rule 8(a).  The Court emphasizes that
Brown does not have leave to add any new parties or claims.  If
Brown wishes to add new parties or claims, he must file a motion
pursuant to Fed. R. Civ. P. 15(a)(2) and Fed. R. Civ.
P. 16(b)(4), if necessary.  Brown has leave to amend his claims
against all defendants only to the extent necessary to comply
with the terms of this order.  The amended complaint must
include all of the factual allegations that Brown's claims are
based upon, even if Plaintiffs previously presented those
allegations in the original Complaint.  The amended complaint
cannot incorporate any part of the original Complaint by merely
referring to the original Complaint.  As aforementioned, Aupuni
also has leave to amend, but must do so through counsel.

Brown is cautioned that, if he fails to file his
amended complaint by **June 30, 2020**, or if the amended complaint
fails to address the defects identified in this Order, the
Complaint will be dismissed with prejudice.  In other words, if

Brown does not file an amended complaint, his entire Complaint will be dismissed with prejudice with regard to all defendants, not just the Federal Defendants.

### CONCLUSION

On the basis of the foregoing, the Federal Defendants' Motion to Dismiss, filed December 11, 2019, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as the claims in Plaintiffs' Complaint, filed September 30, 2019 in state court, is HEREBY DISMISSED, and the Motion is DENIED insofar as the dismissal is WITHOUT PREJUDICE.  Brown is ORDERED to file his amended complaint by **June 30, 2020**.  The amended complaint must comply with the terms of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 29, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

AUPUNI O HAWAI`I, PRESIDENT SAMSON LEHUALANI BROWN SR. VS.
DONALD TRUMP, ETC., ET AL; CV 19-00597 LEK-RT; ORDER GRANTINT IN
PART AND ENYING IN PART THE FEDERAL DEFENDANTS' MOTION TO
DISMISS