UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AUPUNI O HAWAI`I, PRESIDENT SAMSON LEHUALANI BROWN SR.,<br><br>Plaintiff,<br><br>  vs.<br><br>DONALD J. TRUMP, in his official capacity as the President of the United States of America, et al.;<br><br>Defendants. | CIV. NO. 19-00597 LEK-RT |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

On July 9, 2020, Defendants Donald J. Trump, in his official capacity as the President of the United States of America, the Department of Justice for the United States of America, and the Department of the Interior for the United States of America ("Federal Defendants") filed their Motion to Dismiss Amended Complaint ("Motion"). [Dkt. no. 27.] On July 28, 2020, *pro se* Plaintiff Samson Lehualani Brown Sr. ("Brown") filed a document titled "NOTICE; SEPTEMBER 28, 2005 'IMPAIRING OF CONTRACT' 'PIRACY' 'FORGERY' OF THE 'NATION OF HAWAII'," which has been construed, in part, as a memorandum in opposition to the Motion ("Memorandum in Opposition"). [Dkt. no. 31.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules

of Practice for the United States District Court for the District of Hawaii ("Local Rules").  The Federal Defendants' Motion is hereby granted for the reasons set forth below.

## BACKGROUND

Plaintiff is proceeding *pro se*, and therefore his pleadings are liberally construed.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).  On May 29, 2020, this Court issued its Order Granting in Part and Denying in Part the Federal Defendants' Motion to Dismiss ("5/29/20 Order").  [Dkt. no. 24.[1]]  The facts and procedural history are laid out in the 5/29/20 Order and will not be repeated here.  In the 5/29/20 Order, the Court dismissed Brown's original complaint, [Amended Notice of Removal of Civil Action ("Amended Notice of Removal"), filed 11/1/19 (dkt. no. 4), Exh. A (Complaint for Declaratory Judgment and Injunction Relief ("Complaint")),] on the basis of: a failure to adequately plead standing, [5/29/20 Order at 15;] sovereign immunity, [id. at 17;] Presidential immunity, [id. at 18;] and failure to comply with Fed. R. Civ. P. 8(a)(2), [id. at 19-20].  Brown was given leave to file an amended complaint, and instructed to respond to all of the above grounds for dismissal, and to include all

---

[1] The 5/29/20 Order is also available at 2020 WL 2832220.

factual allegations upon which his claims are based. [Id. at 21.]

On June 24, 2020, Brown filed his OBJECTION TO FEDERAL MOTION; AMENDED COMPLAINT; RELIEF ENACTMENT ("Amended Complaint"). [Dkt. no. 26.] In the Amended Complaint, the only named defendant is Donald Trump, in his official capacity as President of the United States of America. [Id. at 2.] Brown does not address the Court's conclusion that his claims against the President were barred under the doctrine of Presidential immunity, except to acknowledge that the President "has sovereign immunity." See 5/29/20 Order at 17-18 (citing Newdow v. Bush, 355 F. Supp. 2d 265, 281-82 (D.D.C. 2005)); Amended Complaint at 2. Instead, the Amended Complaint contains the following passages:

> Page 19 First paragraph--- The factual allegation in the Complaint relate to the legislature history of the [Hawaiian Homes Commission Act ("HHCA")], including its amendment Act 207.
>
> 10. FACTUAL ALLEGATION (see Exhibit F Page 1 "NOTICE" THE REPEAL OF ACT 207 September 28, 2005) Subject Matter 2nd overthrow of the HHCA, 1920, title 2 § 202 through the Acting State of Hawaii TRUSTEES aka Organic Act government Legislation Act 207 FORGERY in violation of Title 4 § 401 INCONSISTENT LEGISLATION and 56th Congress Organic Government § 29 TREASON that cause the Death of a native Hawaiian Beneficiaire, Hilbert Kahale Smith and eviction of native Hawaiian Beneficiare from trust crown lands by 56th Congress Organic Act government Trustees

3

> (aka Republic of Hawaii aka Provisional Government, (Traitors of the 1st overthrow of Queen Liliuokalani) ARTICLE 29 TREASON[.]

[Amended Complaint at 3 (some emphasis omitted).] Brown also asserts,

> BE IT ENACTED, through Samson Lehualani Brown Sr, President of Aupuni O Hawaii and a native Hawaiian Beneficiaire of the 67th-86th Congress and in the name of "Queen Lydia Kamakaeha Liliu`okalani," "Hanai Ka Wahine U`I e kukui ele Po", Prince Jonah Kuhio Kalaniana`ole Piikoi, Hilbert Kahale Smith DO HEREBY EXTEND the 67th and 86th Congress of America from January 17, 2021 to January 17, 2121.

[Id. at PageID #: 335.[2]]

The relief Brown seeks is best understood when reading the Amended Complaint and the Memorandum in Opposition together. Therefore, the Memorandum in Opposition is also construed as a supplement to the Amended Complaint. Therein, Brown asserts that the relief sought is "REINSTATEMENT OF THE 'NATION OF HAWAII' . . . Come January 17, 2021, reinstatement of the Nation of Hawaii at the steps of Iolani Palace. In attendance Sidney Iaukea, (Aurther [sic] of 'The Queen and I') whose Grandfather or greatGrandfather, Curtis Iaukea, was the Keeper of the crown lands." [Mem. in Opp. at 5.]

---

[2] The final page of the Amended Complaint is not numbered and is therefore cited to by the page number assigned by the district court's electronic case filing system.

4

In the Motion, the Federal Defendants argue that the Amended Complaint is barred under the doctrine of Presidential immunity, is not in compliance with Fed. R. Civ. P. 8, and therefore dismissal with prejudice is warranted.

## **STANDARD**

The United States Supreme Court has held that:

> In view of the special nature of the President's constitutional office and functions, we think it appropriate to recognize absolute Presidential immunity from damages liability for acts within the "outer perimeter" of his official responsibility.
>
> Under the Constitution and laws of the United States the President has discretionary responsibilities in a broad variety of areas, many of them highly sensitive. In many cases it would be difficult to determine which of the President's innumerable "functions" encompassed a particular action. . . .

Nixon v. Fitzgerald, 457 U.S. 731, 756 (1982).

Furthermore,

> Under the political question doctrine, "[t]he conduct of the foreign relations of our government is committed by the Constitution to the executive and legislative [branches] . . . and the propriety of what may be done in the exercise of this political power is not subject to judicial inquiry or decision." Corrie [v. Caterpillar, Inc.,] 503 F.3d [974,] 982 [(9th Cir. 2007)] (quoting Oetjen v. Cent. Leather Co., 246 U.S. 297, 302 (1918)); see also Koohi v. United States, 976 F.2d 1328, 1331 (9th Cir. 1992) ("The political question doctrine serves to prevent the federal courts from intruding unduly on certain policy choices and value judgments that are constitutionally committed to Congress or the executive branch."). The court does not

> lack jurisdiction, however, "merely because [a] decision may have significant political overtones." Japan Whaling Ass'n v. Am. Cetacean Soc'y, 478 U.S. 221, 230 (1986). Indeed, it is "error to suppose that every case or controversy which touches foreign relations lies beyond judicial cognizance." Baker v. Carr, 369 U.S. 186, 211 (1962).
>
> The "classic" political question case, Luther v. Borden, 48 U.S. 1 (1849), addressed claims under the Guarantee Clause of the Constitution, where two rival governments disputed which was the lawful government of Rhode Island. See also Massachusetts v. Laird, 400 U.S. 886, 895 n.4 (1970) (discussing Luther). Luther held that "it rests with Congress," not the judiciary, "to decide what government is the established one in a State." 48 U.S. at 42. . . .

Yellen v. United States, Civ. No. 14-00134 JMS-KSC, 2014 WL 2532460, at *1–2 (D. Hawai`i June 5, 2014) (some alterations in Yellen) (footnote omitted). Similarly, with respect to a challenge to the legality of the overthrow of the Kingdom of Hawai`i, this district court explained that:

> Plaintiff's claims raise nonjusticiable political questions because they involve matters that have been constitutionally committed to Congress. Under Article IV, Section 3 of the Constitution, "[n]ew States may be admitted by the Congress into this Union[.]" U.S. Const. art. IV, § 3. By an act of Congress, Hawaii was admitted to the Union in 1959. This court, therefore, lacks jurisdiction to decide any issue regarding the legality of Hawaii's statehood including the lawfulness of events leading to statehood. Thus, as to Plaintiff's claim challenging the lawfulness of the overthrow of the Kingdom of Hawaii in 1893, the Intermediate Court of Appeals for the State of Hawaii aptly stated, "Whatever may be said regarding the

6

> lawfulness of the Provisional Government in 1893, the Republic of Hawaii in 1894, and the Territory of Hawaii in 1898, the State of Hawaii . . . is now, a lawful government." State v. Fergerstrom, 106 Hawai`i 43, 55, 101 P.3d 652, 664 (Haw. App. 2004).
>
> Adjudication of Plaintiff's claims would essentially place this court in the shoes of Congress. . . .

Williams v. United States, CIV. No. 08-00547 SOM-KSC, 2008 WL 5225870, at *3 (D. Hawai`i Dec. 15, 2008).

## **DISCUSSION**

"A court's '[s]ubject-matter jurisdiction can never be waived or forfeited,' 'objections [to the court's jurisdiction] may be resurrected at any point in the litigation,' and courts are obligated to consider *sua sponte* requirements that 'go[] to subject-matter jurisdiction.'" Wong v. Beebe, 732 F.3d 1030, 1035-36 (9th Cir. 2013) (en banc) (alterations in Wong) (some citations omitted) (quoting Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012)), *aff'd and remanded sub nom*. United States v. Wong, 575 U.S. 402 (2015).  "[I]f a case presents a political question, we lack subject matter jurisdiction to decide that question." Corrie, 503 F.3d at 982.

Plaintiff's request to reinstate the Nation of Hawai`i is a nonjusticable political question because it implicates the recognition of foreign governments, as well as possibly issues related to succession, or even a declaration that the annexation

7

of Hawai`i is null and void.  These issues are far outside the power vested in the judiciary.  See, e.g., id.; Koohi, 976 F.2d at 1331.  The Court is not able to reinstate the Nation of Hawai`i without usurping the roles properly apportioned to the Legislative and Executive branches of government.[3]  Similarly, to the extent that Plaintiff's statement purporting to extend the 67th and 86th Congress to 2121 constitutes relief sought, the Court is without such power, as it would interfere with the performance of the Legislature in its duties.  See Loving v. United States, 517 U.S. 748, 757 (1996) (stating "the separation-of-powers doctrine requires that a branch not impair another in the performance of its constitutional duties" (citations omitted)).  On this basis, the Motion is granted.

Additionally, because the only named defendant is the President, and to the extent recognition of, or effectuation of a policy to reinstate, the Nation of Hawai`i is a matter within the purview of the Executive branch, it falls squarely within the President's official function, and therefore Presidential

---

[3] In a case involving a similar claim, the district court ruled that, "there is a textually demonstrable constitutional commitment of these issues to the political branches. Furthermore, it would be impossible for this Court to grant the relief requested by Plaintiff without disturbing a judgment of the legislative and executive branches." Sai v. Clinton, 778 F. Supp. 2d 1, 6-7 (D.D.C. 2011) (citing U.S. Const., Art. IV, § 3, cl. 2), aff'd sub nom. Sai v. Obama, No. 11-5142, 2011 WL 4917030 (D.C. Cir. Sept. 26, 2011) (per curiam).

immunity applies.  See Nixon, 457 U.S. at 755-56.  On the basis of Presidential immunity, the Motion is granted as well.

## II. Dismissal with Prejudice

Next, the Court turns to the Federal Defendant's request that the Amended Complaint be dismissed with prejudice.

> It is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint, absent a clear showing that amendment would be futile.  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment."); see also Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) ("In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the [Federal Rules of Civil Procedure] require, be 'freely given.'").

Nat'l Council of La Raza v. Cegavske, 800 F.3d 1032, 1041-42 (9th Cir. 2015) (alteration in La Raza).  "Not all of the factors merit equal weight.  As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, 316 F.3d at 1052 (citation omitted).  Also, "[f]utility alone can justify the denial of a motion to amend."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation and quotation marks omitted).  However, "leave to amend should be denied as futile

9

only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Barahona v. Union Pac. R.R. Co., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation and internal quotation marks omitted).

Amendment would be futile in this case because there are no additional facts that can be alleged that would render the reinstatement of the Nation of Hawai`i anything other than a nonjusticable political question.  Similarly, because the case arises from the President's official conduct, no facts can be alleged to avoid the doctrine of Presidential immunity. Therefore, amendment is futile, and the Amended Complaint is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' Motion to Dismiss Amended Complaint, filed July 9, 2020, is HEREBY GRANTED.  The Clerk's Office is DIRECTED to close this case on **January 4, 2021**, unless Plaintiff files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 17, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AUPUNI O HAWAII VS. DONALD J. TRUMP, ETC; CV 19-00597 LEK-RT;
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**